UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

FILED by ℛos D.C.
SEP 16 2009
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S. D. of FLA. – MIAMI

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
)
Plaintiff, )
)          **09-14316**
PAPERMOON-STUART, INC. and IMAGINARY )
IMAGES, INC., d/b/a PAPERMOON, )
)          **CIV-MARTINEZ**
Defendants. )
_____/

**MAGISTRATE JUDGE LYNCH**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race and retaliation, and to provide appropriate relief to Charging Parties Rock Georges, Desmond Lawrence and other similarly situated individuals who were adversely affected by such practices. As alleged with greater specificity below, the Equal Employment Opportunity Commission charges that Defendants Papermoon-Stuart, Inc. and Imaginary Images, Inc. subjected Charging Parties and other similarly situated individuals to harassment, different terms and conditions of employment, retaliation and termination and/or constructive discharge based on their race and/or their participation in a federally protected activity.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Southern District of Florida, Fort Pierce Division, pursuant to 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.  At all relevant times, Defendant, Papermoon-Stuart, Inc. ("Papermoon-Stuart"), has continuously been a Florida Corporation doing business in the State of Florida and the City of Stuart, and has continuously had at least 15 employees.

5.  At all relevant times, Defendant Papermoon-Stuart has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6.  At all relevant times, Defendant, Imaginary Images, Inc. ("Imaginary Images"), has continuously been a Virginia corporation doing business in the State of Florida and the City of Stuart, and has continuously had at least 15 employees.

7.  At all relevant times, Defendant Imaginary Images, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

8.  More than thirty days prior to the institution of this lawsuit, Rock Georges and Desmond Lawrence filed a charge with the Commission alleging violations of Title VII by Defendants.

9.  All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least July 2007, Defendants have engaged in unlawful employment practices at its Stuart location, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1) as follows:

   (a) Charging Parties, and other similarly situated individuals for whom the Commission seeks relief, are protected under Title VII because of race (Black) and/or because they engaged in protected activity.

   (b) Defendants, by and through their managerial agents and employees, subjected Charging Parties and other similarly situated individuals to race-based discrimination and retaliation including subjecting employees to a hostile work environment, different terms and conditions of employment, and termination and/or constructive discharge.

   (c) The unlawful hostile work environment included, but was not limited to, making and tolerating derogatory remarks Blacks, including Defendant's owner instructing management to, "Get those niggers outta here," referring to Blacks as "nigger" and "monkey fucker," and stating that "Black music makes [Defendants'] club look bad."

   (d) Defendants' managerial staff subjected Charging Parties to different terms and conditions of employment because of race by forcing them to work in the back

of Defendants' club where they could not be seen by entering customers and by reducing the working hours of Black employees.

(e) Charging Parties and those similarly situated complained about racist remarks and conduct but Defendants did not stop the racial harassment and conduct. Instead, Defendants retaliated against those who complained and/or opposed racist remarks and conduct.

(f) Defendants retaliated against Charging Parties and those similarly situated individuals by reducing their working hours and terminating or constructively discharging them because they engaged in protected activity.

11. The effect of the practices complained of in paragraphs (a) – (e) above has been to deprive Georges and Lawrence and other similarly situated individuals of equal employment opportunities and otherwise adversely affects their status as an employee, because of their race (Black).

12. The effect of the practices complained of in paragraphs (a) – (e) above has been to deprive similarly situated individuals of equal employment opportunities and otherwise adversely affects their status as an employee, because they engaged in protected activity.

13. The unlawful employment practices complained of in paragraphs (a) – (e) above were intentional.

14. The unlawful employment practices complained of in paragraphs (a) – (e) above were done with malice or with reckless indifference to the federally protected rights of the Charging Parties and other similarly situated individuals.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in race discrimination and retaliation.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for Blacks, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendants to make whole Charging Parties and other similarly situated individuals, by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices.

D. Order Defendants to make whole Charging Parties, and other similarly situated individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs (a) – (e) above, in amounts to be determined at trial.

E. Order Defendants to make whole Charging Parties, and other similarly situated individuals, by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraphs (a) – (e) above, in amounts to be determined at trial.

F. Order Defendants to pay Charging Parties and other similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs (a) – (e) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H.     Award the Commission its costs of this action.

JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN REAMS
Associate General Counsel

Equal Employment Opportunity
Commission
131 M Street, NE
Washington, D.C. 20507-0100

MICHAEL J. O'BRIEN
Acting Regional Attorney

MARIA KATE BOEHRINGER
Supervisory Trial Attorney

_____
KALEB M. KASPERSON
Trial Attorney
Florida Bar No. 658766
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Miami District Office
One Biscayne Tower
2 South Biscayne Blvd. Suite 2700
Miami, FL 33131
Telephone: (305)808-1786
Facsimile: (305)808-1835
Email: kaleb.kasperson@eeoc.gov

%JS 44 (Rev. 2/08)

# CIVIL COVER SHEET

09-14316

FILED by RGS D.C.

SEP 16 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA.- MIAMI

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)   NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.

## I. (a) PLAINTIFFS
United States Equal Employment Opportunity Commission, One Biscayne Tower, 2 S. Biscayne Blvd. Suite 2700, Miami, FL 33131

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Kaleb M. Kasperson, U.S. EEOC, One Biscayne Tower, 2 S. Biscayne Blvd. Suite 2700, Miami, FL 33131

## DEFENDANTS
PAPERMOON-STUART, INC. and MORGAN-MIAMI IMAGES, INC., d/b/a PAPERMOON

County of Residence of First Listed Defendant   Martin
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

CIV-MARTINEZ

MAGISTRATE JUDGE LYNCH

**(d)** Check County Where Action Arose: ☐ MIAMI-DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☑ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE ☐ HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☑ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | **LABOR** | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☑ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 463 Habeas Corpus-Alien Detainee | | |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN (Place an "X" in One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).
(See instructions second page):
a) Re-filed Case ☐ YES ☑ NO   b) Related Cases ☐ YES ☑ NO
JUDGE _____   DOCKET NUMBER _____

## VII. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):
Title VII

LENGTH OF TRIAL via _6_ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE September 15, 2009

**FOR OFFICE USE ONLY**
AMOUNT _____   RECEIPT # Waived   IFP _____